NOBLE *et al. v.* THE STATE.

Greene.
1g 325
J93 778
1g 325
129 489

Under the revenue statutes of 1844, lands are subject to sale for taxes in two years after the taxes shall have become due, and remain unpaid, dating from the first day of January, on which the taxes became delinquent.

Noble *v.* The State.

The intention of the legislature is a prevailing object in the proper construction of a statute ; and that intention can be best determined by the application and meaning of the language used.   But if the language in portions of an act is not consistent, it should be so construed as to accord with the leading object of the enactment.

When the manifest intention of the legislature may be gathered from prior existing laws, and from the prevailing tone of other sections of the act, conflicting words may be diverted from their literal meaning, in order to harmonize with more explicit portions.   They may be restrained, enlarged, or qualified, so as to give effect to the obvious intention of the law.

ERROR, *to Henry District Court.*

*Hall* and *Mason,* for the plaintiffs in error.   The rules of construction which govern remedial statutes are not applicable to the construction of creative and disabling statutes, and to statutes for raising revenue.   The doctrine *in pari materia,* does not apply.   9 East. 44; *Rogers* v. *Goodwin,* 2 Mass. 475; 3 *ib.* 215, 523; *Ayres* v. *Knox,* 7 *ib.* 306, 523 ; *Pearce* v. *Atwood,* 13 *ib.* 354; 12 Pick. 223; 10 *ib.* 505 ; *Ludlow* v. *Johnston,* 3 Ham. 553 ; 3 Caine, 259; *People* v. *Allen,* 6 Wend. 486.   Tax laws should be strictly construed, and nothing taken by intendment.   *Young* v. *Martin,* 2 Yeates, 306; 1 Scam. 565, 325, 336, 476 ; 2 *ib.* 17, 225.

The plaintiffs in error insist that in the construction of the law it should be construed so that the following propositions shall be preserved.

1. That the court should allow two full years as a term between the time of the return of the delinquent list, and the time when the treasurer certifies the final delinquent list for payment.

2. That the rules of construing, disabling, and independent statutes, shall be applied in this case.

3. That the court have no right to change the language of the statute for the purpose of shortening the time of payment of taxes, or in prejudice of the rights of tax-payers.

4.   That the court ought not to change the meaning of the statute for the purpose of retaining a construction which will give an enormous interest to the state.

5. That where the seeming conflict is time, and indulgence towards the person who is affected by the law and the interest in favor of the state, that the rights of the former must prevail.

6. That the court must give the full time, even if in construing the terms used in the statute they give more than the lawgivers intended.

*D. Rorer* and *A. Lotspeich*, for the state. The following points and authorities were submitted by Mr. Rorer. The judgment of the court below was rendered, under the act of assembly, of the 15th of February, 1844, for the subjecting of lands to sale for non-payment of taxes. Section 54 of said act has reference to section 52, in relation to taxes "due and unpaid," and does not refer to section 53. The presumption is, that there was some intermediate amendments made, while under its passage, which caused the ambiguity and apparent displacing of those sections from their natural order.

To give the act the construction claimed by defendant in error would be to render it nugatory for one whole year, after a delinquency had occurred ; and courts never give to a statute such a construction as will defeat its own purpose. 9 Wheat. 381.

The intention of the legislature is to govern in the construction of a statute, although it may violate the letter of it. 3 Cow. 89 ; 2 Pet. 662 ; 15 John. 358 ; 1 Pet. 64.

The court must consider the policy of the statute, and give it such construction as is best calculated to advance its object. 3 Ham. 198 ; Ohio Cond. Rep. 205. A statute is to be so construed as to give it a reasonable effect, and taking in view here the fact of so high an interest being affixed for the two years of delinquency, clearly contemplated, it cannot be supposed that an additional year of indulgence was intended free of interest. 3 Mass. 523 ; 5 *ib*. 380 ; 7 *ib*. 458.

A general meaning will control a particular clause of a statute, and should be so construed when necessary to harmonize a statute. See *Holbrook* v. *Holbrook*, 1 Peck,

248; *Mendon* v. *Worcester*, 10 Pick. 235 ; 3 U. S. Dig. 485, §§ 77, 78.

The general system of legislation may be considered together, (as to the subject matter,) in construing a statute ; and it is proper to consider other statutes, though repealed. 3 U. S. Dig. 485, § 82 ; 3 Mass. 17, 21, 296 ; 8 *ib.* 418, 423. This is a remedial statute, and is to be construed so as to advance the remedy. 3 U. S. Dig. p. 486, § 120.

*Opinion by* GREENE, J. This suit was brought upon the delinquent tax list of Henry county, for 1845.

The report of the treasurer to the district court is in accordance with the revenue act, approved February 15, 1844. See Laws of that year, p. 28.

The only question raised is, whether the report is not made, and the judgment rendered at too early a day ? The judgment below was rendered for taxes of 1845, after due publication in March, 1848. It is urged that the judgment should not have been rendered until the first term of the district court after the first day of January, 1849; thus allowing a period of over three years to run after the taxes are returned delinquent, before enforcing collection. The question involved is one entirely of statutory construction, resting principally upon sections 49, 50, 52, 53, and 54 of the revenue act referred to. Section 53 presents an evident incongruity with other portions and the leading intention of the act, which cannot be easily reconciled by a literal construction of the language. Section 50 provides that the treasurer shall, as " soon after the first day of January in each year as possible, make out a complete list of the lands and property upon which the taxes remain unpaid, which list he shall file in his office." And section 53 provides that " the treasurer shall receive the taxes due upon the delinquent list, during the space of two years from the first day of January next after the said list shall have been filed in his office as delinquent." It will be seen, that as the delinquent list is not to be filed till after the first day of January, and as the treasurer is to receive the taxes for two years from the first of

Noble *v.* The State.

January next after the list is so filed, the literal purport of section 53 would extend the sale until after three years from the period of delinquency.

By section 5, " all taxes upon any lands and property due and unpaid on the first day of January, for the previous year, and returned delinquent as aforesaid, shall draw interest at the rate of fifty per cent. for the first year they shall so remain unpaid, and one hundred per cent. for the second year;" and section 54 enacts, " that when the taxes upon lands in any county have remained thus due and unpaid for the said term of two years, it shall be the duty of the county treasurer to make report thereof to the district court of this county at the first term thereafter."

The policy of prior statutes on the subject of taxes was lenient, and allowed the delinquent two years after sale to redeem ; and is it not the manifest object of the present law to give him two years in which to pay before sale ? It urges him to prompt payment by imposing a heavy interest, which, as before, is not appropriated to the pocket of the grasping speculator, but to the public good.

Inferring the intention of the enacting power from the spirit and connection of the act, we are led to the opinion that the period designed by it, before sale, cannot be three, but two years from that first day of January on which the taxes became delinquent. The fact, that but two years' interest is provided for, is repugnant to the idea that the legislature intended to protract the sale, and leave a third year without any visitation upon the defaulting party, when he has become more than ever culpable, and incurred a triple delinquency.

The 54th section contemplates, that when the taxes shall have remained due and unpaid for two years, the treasurer shall make report of the land preparatory for sale. But it is argued that the " said term of two years " refers to the term spoken of in the 53d section. Take the sentence together, with the words " taxes due and unpaid for the said term of two years," and we think it must necessarily refer to the two years as limited in section 52 ; for if referred to section 53 it

would be palpably inconsistent; it being urged that according to that section, the taxes must be due and unpaid for three years.

It is contended, that the last words in section 53 should be so transposed as to make the section, in effect, read as follows: The treasurer shall, after said list shall be filed in his office as delinquent, receive the taxes due thereon during the space of two years from the first day of January; in which case the first day of January would naturally refer to the first day of January mentioned in the preceding section, being the day on which the taxes became delinquent. This interpretation possesses much plausibility, as it reconciles this section with the other portions of the act; whilst, if we take the strict terms of this section, we are unable by any admissible construction to reconcile the other sections.

The intention of the legislature is the leading, and indeed the only object to be inquired into by a court in construing legislative enactments; and it must be conceded, that the first and most direct means in arriving at that intention, is in the application and meaning of the language used. But when the language in different parts of an act conflicts or is inconsistent with the leading object of the enactment, can there be a better or safer rule than to place that construction upon it which will reconcile and harmonize with the prevailing intention? Where the object of the law-makers may be collected from prior existing laws, and from the expressed language of many other sections, as in the act before us, we may be justified in giving a construction contrary to the literal application of the words. It frequently becomes the duty of courts, in giving effect to the manifest intention of a statute, to restrain, enlarge, or qualify the ordinary and literal meaning of the words used. *Burgett* v. *Burgett,* 1 Ham. 469; 4 Bac. Abt., pp. 38, 45, 50.

When, as in this case, the language of a part of one section of an act is in conflict with both the language and leading design as expressed in several other sections, we can see no other safe path than to follow the express words of the leading and prevailing portions.

Upon the whole, then, we are of the opinion, that by the revenue act of 1844, the lands are to be reported to the court, and ordered for sale, after the taxes due thereon shall have remained due and unpaid for the term of two years; and that the judgment below be affirmed.

Judgment affirmed.